IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST AS OWNER TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST III,

    Plaintiff,

v.

SANDRA J. NEILL,

    Defendants.

Case No: 1:18-cv-346

## COMPLAINT FOR IN REM FORECLOSURE

**COMES NOW** Plaintiff Wilmington Savings Fund Society, FSB, d/b/a, Christiana Trust as Owner Trustee of the Residential Credit Opportunities Trust III (hereinafter "Wilmington Savings") with its complaint for foreclosure against the Defendant Sandra J. Neill. Plaintiff with this Complaint does not seek an in personam judgment against Defendant Neill but rather seeks only an in rem judgment against the collateral at issue in this dispute.

### PARTIES

1. Plaintiff Wilmington Savings is a Delaware corporation with its principal place of business—specifically its corporate headquarters—in Delaware.

2. Defendant Sandra J. Neill is, upon information and belief, is a resident of Sandoval County, New Mexico.

**JURISDICTIONAL ALLEGATIONS**

3. Defendant Neill has transacted business in the State of New Mexico and is subject to the personal jurisdiction of this Court for all claims asserted herein. Additionally, in-rem jurisdiction is appropriate as to the property at issue in this foreclosure action because the property is located in the State of New Mexico.

4. For diversity of citizenship purposes, Wilmington Savings Fund Society, FSB, d/b/a, Christiana Trust as Owner Trustee of the Residential Credit Opportunities Trust III as a statutory trust is a citizen of the states that its trustee—Wilmington Savings—is a resident. As stated above, Wilmington Savings is a Delaware corporation with its principal place of business in Delaware.

5. Subject-matter jurisdiction of this cause is based upon diversity jurisdiction under 28 U.S.C. § 1332 because the only Plaintiff, Wilmington Savings, does not share citizenship with any defendant and because the amount in controversy regarding the foreclosure claim against Neill is over $75,000. Additionally, the amount in controversy as to all of Wilmington Savings' claims is in excess of $75,000 given the value of the property at issue and the amount owed on the property.

6. Venue is proper in the District of New Mexico under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in New Mexico, namely in Sandoval County.

**GENERAL ALLEGATIONS**

7. On May 23, 2007, for good and valuable consideration, Neill made and delivered a promissory note ("Note") evidencing a debt in the principal sum of $225,000 with a fixed

interest from said date at the Note rate of 6.875% per annum until paid. A true and correct copy of Note is attached hereto as Exhibit A.

8. In order to secure payment of the Note, Defendant executed and delivered to Mortgage Electronic Registration Systems, Inc., as nominee for CTX Mortgage Company, LLC a real estate mortgage (hereinafter the "Mortgage"), which is attached hereto as Exhibit B.  The Mortgage was recorded in the office of the County Clerk of Sandoval County on June 26, 2007 as Document No. 200725982 in Book 410 at Page 25982.

9. The real estate securing the Note (hereinafter the "Property") is more commonly known as 929 Purple Aster Dr., Bernalillo, New Mexico 87004, and more  particularly described as:

> Lot numbered One Hundred Ninety-five (195) of THE ORCHARD'S UNIT 3, being a replat of Tract 3 of the Orchard's, as the same is shown and designated on the plat thereof, filed in the Office of the County Clerk of Sandoval County, New Mexico, on January 31, 2005, in Vol. 3, Folio 2499B (Book 408, Page 3428, as Document No. 200503428),

including, any improvements, fixtures, and attachments, such as, but not limited, mobile homes. If there is a conflict between the legal description and the real property address, the legal description shall control.

10. The last payment made by the Defendant was applied to the September 1, 2008 scheduled installment, and the Defendant remains in default for failure to make the scheduled installment payments due thereafter.

11. To collect on the Note involved with this loan, Wilmington Savings is pursuing a separate lawsuit in state court against Neill pending in the Thirteenth Judicial District Court in New Mexico, Case No. D-1329-CV-2014-01346, as permitted under New Mexico law. *See generally Kepler v. Slade*, 119 N.M. 802, 805, 896 P.2d 482, 485 (1995).  Any applicable statute

of limitations was tolled by the institution of that separate action.  *See Bracken v. Yates Petroleum Corp.*, 107 N.M. 463, 465, 760 P.2d 155, 158 (1988).

12.     As outlined in further detail in this Complaint, all rights in the Note and Mortgage have been transferred to Wilmington Savings.

13.     The original mortgagee indorsed the Note corresponding to the Mortgage in blank directly on the Note itself.  *See* Exhibit A at 4.  Therefore, the Note can be transferred by possession alone as it has been indorsed in blank.

14.     Because the Note has been indorsed in blank and because Wilmington Savings' counsel is in possession of the original Note, Wilmington Savings is the proper party to bring this foreclosure action.  An employee from the office of Wilmington Savings' counsel has executed an affidavit attached as Exhibit C to this Complaint which outlines how as of the date of filing of this Complaint Wilmington Savings' counsel is in possession of the original Note.

15.     Additionally, all rights in the Mortgage covering the property at issue in this action have been assigned to Wilmington Savings as evidenced by the chain of mortgage assignments attached as Exhibit D to this Complaint.[1]

## COUNT I – FORECLOSURE ON MORTGAGE

17.     Plaintiff realleges all the foregoing allegations in this Complaint as if incorporated herein.

18.     The Mortgage provides that if there is any default in the payment of any installments, the entire principal sum with accrued interest shall become due and payable at the

---

[1] Notably, under New Mexico law, proof of assignment of a mortgage is not necessary because the right to foreclose the mortgage follows the respective promissory note.  *See Flagstar Bank, FSB v. Licha*, 2015-NMCA-086, ¶ 22, 356 P.3d 1102 ("Because we have concluded that the right to foreclose the mortgage automatically follows the right to enforce the note, and Flagstar established that it had the right to enforce the note, Ms. DeNiro's statements about ownership of the mortgage were not material to the issue of Flagstar's right to file this foreclosure action.").

option of the holder of the Mortgage and the Mortgage may be foreclosed in accordance with the law.

19.     Defendant is in default on the Mortgage and, despite appropriate demand, has failed to cure the default. Subsequent to the default, the Note and Mortgage balance has been accelerated to facilitate foreclose on the Mortgage.

20.     The full debt balance was not owed until acceleration of the entire balance of the loan which accordingly impacts the accrual date of the respective claim for the accelerated balance.

21.     There is due to Plaintiff on the loan balance the unpaid principal sum of $224,833.42, plus interest at the current rate of 6.875% per annum from September 1, 2008 forward, plus late charges, escrows, and advances. As of March 22, 2018, interest in the amount of $147,746.00 was owed on the loan balance. Interest continues to accrue at the rate of $42.94 per day from March 23, 2018 forward until the loan balance is paid.

22.     It may be necessary to appoint a receiver to collect the rents and maintain the Property in adequate repair in order to protect the interest of Plaintiff.

23.     Any party named herein and failing to answer shall be declared to have no interest in the Property described herein, and their interest, if any, shall be foreclosed with no right of redemption or in the proceeds of sale or any other right, title, or claim in the Property.

24.     The redemption period under the Mortgage is one month.

**WHEREFORE**, Plaintiff asks for judgment against Defendant as follows:

A.      That Plaintiff be granted an in rem judgment against the Property in the amount of $224,833.42 plus interest of $147,746.00 as of March 22, 2018, which continues to accrue at the rate of $42.94 per diem thereafter until paid, plus attorneys' fees,

      plus applicable charges—including late charges—along with fees, and costs as provided in the Note and Mortgage, for taxes, assessments, insurance or other expenses necessary to preserve the Property, and for such other and further relief as the Court deems just and proper.

B.   That Plaintiff's Mortgage on the Property be foreclosed and all said real estate, be ordered sold in accordance with the laws, rules and practices of this Court to the highest bidder, for cash.

C.   That a special master be appointed to conduct such sale.

D.   That the proceeds of the sale be applied to the costs of the special master's sale, Plaintiff's attorney's fees, and the amounts owed under the Note and Mortgage.

E.   That the Mortgage of Plaintiff be adjudged a first lien on the Property for the amounts set forth above and that it be adjudged paramount and superior to the interests of Defendant Neill whose interest should be foreclosed.

F.   That Defendant and any persons claiming by, through or under her be barred and forever foreclosed of all right, interest, or claim in or to the Property, subject only to the one month right of redemption.

G.   That Plaintiff be given the right to become a purchaser by bidding its judgment in lieu of cash at the judicial sale.

H.   That the purchaser at the sale be let into possession of the Property following the sale.

I.   That the period of redemption shall be one month as specified in the Mortgage.

J.   For such other and further relief as the Court deems just and proper.

Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP


By <u>/s/ Ryan M. Walters</u>
    Ryan M. Walters
*Attorneys for Plaintiff*
201 Third Street NW, Suite 1950
Albuquerque, New Mexico 87102
Phone: 505-764-5400
rwalters@lrrc.com