IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILMINGTON SAVINGS FUND SOCIETY,
FSB, D/B/A CHRISTIANA TRUST AS OWNER
TRUSTEE OF THE RESIDENTIAL CREDIT
OPPORTUNITIES TRUST III,

      Plaintiff,

vs.                                                                          Civ. No. 18-346 JCH/JHR

SANDRA J. NEILL,

      Defendant.

## MEMORANDUM OPINION AND ORDER

This foreclosure case is before the Court on the Plaintiff's Motion to Amend Complaint and to Substitute Parties Given Death of Sandra Neill [Doc. 13], as well as the motion [Doc. 22] filed by Gregory Hutchins, the Executor of the Estate of Sandra Neill, for leave to file a surreply in opposition to the Plaintiff's motion to amend. Also pending are a motion to dismiss filed by Sandra Neill (now deceased) [Doc. 4], a motion to dismiss [Doc. 21] filed by Gregory Hutchins (who, at the time of filing of that motion, was not yet a party to this litigation) and a motion for summary judgment [Doc. 11] filed by the Plaintiff. After reviewing the motions, the briefs, and the applicable legal authorities, the Court concludes that Hutchins should be granted leave to file a surreply, and the Plaintiff's motion to amend its complaint and substitute parties should be granted. The Court also concludes that both motions to dismiss and the motion for summary judgment should be denied as moot, without prejudice to the parties' right to refile their motions after the complaint has been amended and served and all parties are properly before the Court.

## BACKGROUND

On April 13, 2018, Plaintiff Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust as Owner Trustee of the Residential Credit Opportunities Trust III (hereafter, "Wilmington"), filed its Complaint for In Rem Foreclosure [Doc. 1] in this Court. In the Complaint (which names Sandra J. Neill as defendant), Wilmington seeks an *in rem* judgment against the real property, located in Sandoval County, New Mexico and which is named as collateral in a promissory note signed by Neill. The note, signed on May 23, 2007 and indorsed in blank, is for a debt of $225,000 with a fixed annual interest rate of 6.875%. The note was transferred to Wilmington. According to the Complaint, Neill failed to make payments on the note after September 1, 2008, and remained in default for failing to make the scheduled installment payments due thereafter. In order to collect on the note, Wilmington filed an action in New Mexico state court, but filed this separate foreclosure action in federal district court.

On May 10, 2018, Neill filed a motion to dismiss [Doc. 4] the Complaint on the grounds that Wilmington lacked standing and had failed to state a claim. On May 29, 2018, Wilmington filed its response [Doc. 7]. Two weeks later, on June 13, 2018, Neill filed a notice [Doc. 9] of filing of her Petition of Bankruptcy, and the case was stayed. On September 20, 2018, Wilmington filed a notice informing the Court that the bankruptcy case had been closed and a discharge entered. [Doc. 10, 10-1] The following day, Wilmington filed a motion for summary judgment on its claim for foreclosure. [Doc. 11].[1] That same day, Hutchins filed a notice of suggestion of death regarding Neill. [Doc. 12]. In that document, he identified himself as the executor of Neill's estate, though he provided no documentation of his legal status as executor. He did not include Neill's date of

---

[1] Wilmington concedes that this motion for summary judgment is now moot.

death, nor did he state that he had an interest in the real property that secured the notice and upon which this action is based.

On December 18, 2018, Wilmington filed a motion to amend its complaint [Doc. 13] to substitute Hutchins, in his capacity as representative of the estate, as defendant in place of Neill and to join as defendants any unknown heirs who might claim an interest in the real property. In his response, Hutchins asserted that on September 13, 2018, one week before Neill was granted a discharge in the bankruptcy case, Neill had granted title in the real property to him through a warranty deed. Hutchins also stated that Neill had died on September 16, 2018, just three days after she transferred the property to him.[2] Based upon this new information, on January 17, 2019, Wilmington filed its reply [Doc. 19] in support of its motion to amend. Wilmington attached to its reply a revised proposed amended complaint [Doc. 19-1] naming Hutchins as defendant in both his individual capacity as one claiming an interest in the real property, as well as in his capacity as personal representative of Neill's estate.

On January 28, 2019, Hutchins filed his motion [Doc. 22] for leave to file a surreply to Wilmington's motion for leave to amend. Hutchins attached the proposed surreply. *See* Doc. 22 at 5-11. In its response [Doc. 25], Wilmington indicated that it did not oppose Hutchins' request for leave to file the surreply, but rather wanted to correct factual statements asserted by Hutchins in the motion.

---

[2] The "Warrantee Deed" signed by Neill transferring the property to Hutchins states that it was signed and notarized on August 29, 2018—while the bankruptcy case was still pending— and not on September 13, 2018. *See* Doc. 19-2. It also states that transfer of the property was "subject to all liens and encumbrances." *Id*.

3

**DISCUSSION**

First, in light of Wilmington's non-opposition to Hutchins' motion for leave to file surreply, that motion will be granted. Accordingly, the Court has considered all of Hutchins' arguments, including those in his surreply, in connection with the motion for leave to amend.

Second, the Court concludes that Wilmington's motion for leave to amend its complaint to substitute Hutchins as a defendant in this foreclosure action, both in his capacity as the alleged executor of Neill's estate and as a claimant to the real property, should be granted. Having passed away, Neill can no longer serve as the defendant in this case. If Neill's transfer of the property to Hutchins was valid, then he obtained the property subject to all valid liens and encumbrances, and he is the proper defendant in his personal capacity. If the transfer was not valid, then upon Neill's death the property passed to her estate, for which Hutchins is purportedly the executor. In that case, Hutchins is again a proper defendant. Thus, Wilmington's proposed substitution of Hutchins for Neill is proper.

Hutchins' sole argument in his response [Doc. 15] is that due to the transfer of the property to him before her death, Neill's estate is not a successor in interest under Fed. R. Civ. Pro. 25(a). However, that argument overlooks the fact that Hutchins had failed to promptly inform the parties and the Court of his own asserted interest in the property, and therefore when Wilmington initially sought leave to amend the complaint it asked only to substitute Hutchins in his role as executor. Once Hutchins revealed the information, Wilmington promptly revised its request to name him as a defendant both personally as a claimant to the property as well as in his capacity as executor. *See* Doc. 19. If there is gamesmanship afoot here, it is gamesmanship by Hutchins, not Wilmington. The Court finds the arguments in Hutchins' surreply in which he accuses Wilmington of "acts and omissions intended to deceive this Court" to be without merit. Therefore, the Court will grant

4

Wilmington leave to file its proposed amended complaint [Doc. 19-1]. Wilmington must serve its amended complaint in accordance with Rules 4 and 5 of the Federal Rules of Civil Procedure.

Third, in light of the Court's decision granting Wilmington leave to amend, both Hutchins' motion to dismiss and Wilmington's motion for summary judgment will be denied. The denial of these motions is without prejudice to the parties' right to refile dispositive motions after the complaint has been amended and properly served. Neill's motion to dismiss will be denied as moot.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's Motion to Amend Complaint and to Substitute Parties Given Death of Sandra Neill [Doc. 13] is **GRANTED**;

(2) Gregory Hutchins motion for leave to file a surreply in opposition to the Plaintiff's motion to amend [Doc. 22] is **GRANTED**;

(3) the motion to dismiss filed by Sandra Neill (now deceased) [Doc. 4] is **DENIED AS MOOT**;

(4) Gregory Hutchins' motion to dismiss [Doc. 21] and Wilmington's motion for summary judgment [Doc. 11] are **DENIED without prejudice** to their right to refile their motions after Wilmington amends the complaint.

(5) Plaintiff is to file the Amended Complaint separately on the docket no later than March 1, 2019.

UNITED STATES DISTRICT JUDGE