IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILMINGTON SAVINGS FUND SOCIETY,
FSB, D/B/A CHRISTIANA TRUST AS OWNER
TRUSTEE OF THE RESIDENTIAL CREDIT
OPPORTUNITIES TRUST III,

       Plaintiff,

v.                                                   **CV 18-0346 JCH/JHR**

GREGORY HUTCHINS, in his individual capacity
and as personal representative of the Estate of
SANDRA J. NEILL, and THE UNKNOWN HEIRS,
DEVISEES, OR LEGATEES OF SANDRA J. NEILL,

       Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court on the Proposed Findings and Recommended Disposition ("PFRD") issued by United States Magistrate Judge Jerry H. Ritter on April 20, 2020, [Doc. 58], and on Defendant Gregory Hutchins' Objections to the PFRD, filed May 6, 2020. [Doc. 66]. In the PFRD, the Magistrate Judge recommended that Mr. Hutchins' Motion to Strike Affidavit of Ryan Walters and Cross Motion for Sanctions [Doc. 43], filed May 13, 2019 and Motion to Strike Affidavit of Ron McMahan and Cross Motion for Sanctions [Doc. 44], filed May 13, 2019, be denied and Plaintiff Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust as Owner Trustee of the Residential Credit Opportunities Trust, III ("Wilmington Savings") Motion for Summary Judgment Against Gregory Hutchins and Motion for Default Judgment Against Remaining Defendants [Doc. 42], filed April 30, 2020, be granted.

Specifically, Mr. Hutchins argues that: (1) the Magistrate Judge erred in recommending that his motions to strike the Walters and McMahon Affidavits and for sanctions be denied; (2) the

Magistrate Judge erred in concluding that that Mr. Hutchins failed to show that discovery was necessary for him to defend against summary judgment; and, (3) the Magistrate Judge misconstrued the Court's prior findings regarding Wilmington Savings' status as the holder of the Note and standing to enforce the Note and Mortgage. [*See generally* Doc. 66]. Having reviewed these objections de novo, the Court determines they must be overruled. Therefore, the PFRD is **adopted**, Mr. Hutchins' motions to strike the Walters and McMahan Affidavits and for sanctions are **denied**, and Wilmington Savings motion for summary judgment against Mr. Hutchins and default judgment against the remaining defendants is **granted**.

## I. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C), the Court conducts a de novo review of any objections to the Magistrate Judge's PFRD. A party's objections to the PFRD must be "both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop., with Buildings, Appurtenances, Improvements, and Contents, Known as: 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*"). An objection must be sufficient to focus the Court on the factual and legal issues actually in dispute. *Id.* at 1060. Issues raised for the first time in an objection to the PFRD are deemed waived. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

To resolve an objection to the PFRD, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation," when conducting a de novo review of a party's timely, specific objections to

the magistrate judge's report. *In re Griego*, 64 F.3d 580, 583-84 (10th Cir. 1995). A district court need not, however, "make any specific findings; the district court must merely conduct a de novo review of the record." *Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000).

## II. FACTS

Plaintiff, "Wilmington Savings Fund Society, FSB, d/b/a, Christiana Trust as Owner Trustee of the Residential Credit Opportunities Trust III," [Doc. 1, p. 1], filed its Complaint for In Rem Foreclosure against Sandra J. Neill on April 13, 2018. [Doc. 1]. Due to her alleged default, Wilmington Savings sought to foreclose on Neill's mortgage on the property known as 929 Purple Aster Dr., Bernalillo, New Mexico. [*See* Doc. 1-3]. This in rem proceeding is in addition to an in personam action Wilmington Savings filed against Ms. Neill in state court on September 18, 2014. *See* No. D-1329-CV-2014-01346. On June 13, 2018, Ms. Neill filed a Notice of Filing of Petition of Bankruptcy, which stayed these and the related state proceedings. [*See* Doc. 9]. On September 20, 2018, Wilmington Savings filed a Notice Regarding Closing of Bankruptcy and Discharge. [*See* Doc. 10].

On September 21, 2018, Mr. Hutchins, claiming to be the executor of Ms. Neill's estate, filed a Suggestion of Death on the record. [*See* Doc. 12]. Thereafter, this Court granted Wilmington Savings' Motion to Amend its Complaint to substitute Mr. Hutchins as well as any unknown heirs who may claim an interest in the subject property as Defendants. [*See* Docs. 13, 28]. Wilmington Savings filed its Amended Complaint on March 1, 2019, naming Mr. Hutchins in his individual capacity and as personal representative of the estate of Ms. Neill, as well as her unknown heirs, devisees or legatees. [Doc. 30].

Wilmington Savings sought and obtained on Order from the Court permitting it to serve the unknown heirs, devisees or legatees of Ms. Neill by publication. [Doc. 32]. On April 19, 2019,

Wilmington Savings submitted an Affidavit of Publication and on April 23, 2020, it filed a Praecipe detailing its efforts to locate and serve Ms. Neill's unknown heirs, devisees or legatees and requesting an Entry of Default. [Doc. 37; Doc. 37-1; Doc. 40]. The Clerk's Entry of Default was filed April 25, 2019. [Doc. 41].

Mr. Hutchins moved to dismiss the Amended Complaint challenging Wilmington Savings existence as a legal entity and its standing to foreclose the Mortgage. [Doc. 34, pp. 5-11]. Mr. Hutchins also argued that Wilmington Savings could not enforce the Note because Ms. Neill's in personam liability on the Note was discharged by the Bankruptcy Court. [Doc. 59, p. 18]. The case was referred to Magistrate Judge Ritter who issued a PFRD recommending that the motion to dismiss be denied. [Doc. 46; Doc. 58]. The Court adopted the PFRD and denied the motion, finding that: (1) Wilmington Savings had proven its legal existence and capacity to sue by a preponderance of the evidence; (2) Wilmington Savings, as holder of the Note had standing to bring this suit; and (3) the bankruptcy discharge did not preclude Wilmington Savings from foreclosing the Mortgage. [Doc. 60, pp. 8-10].

On April 30, 2019, Wilmington Savings moved for summary judgment against Mr. Hutchins and for default judgment against the unknown heirs, devisees or legatees of Ms. Neill. [Doc. 42]. Subsequently, Mr. Hutchins moved to strike the Affidavit of Ryan Walters, counsel for Wilmington Savings, which was submitted with Wilmington Savings' Amended Complaint and the Affidavit of Ron McMahan, CEO of Wilmington Savings' parent company, American Mortgage Investment Partners, which was submitted in support of Wilmington Savings' motion for summary judgment. [Doc. 43, p. 4; Doc. 44, pp. 9-10]. Mr. Hutchins also sought sanctions under Federal Rule of Civil Procedure 56, claiming that the Affidavits were submitted in bad faith.

The Magistrate Judge issued a second PFRD on April 20, 2020, recommending that Mr. Hutchins' motions to strike the Walters and McMahan Affidavits and for sanctions be denied, and that default judgment against the unknown heirs, devisees or legatees of Ms. Neill and summary judgment against Mr. Hutchins be granted. [Doc. 58]. Mr. Hutchins filed his Objections to the PFRD on May 6, 2020. [Doc. 66]. Wilmington Savings did not respond to Mr. Hutchins' Objections.

## III. DISCUSSION

### A. The Magistrate Judge did not err in Concluding that Discovery is not Necessary for Mr. Hutchins to Defend Against Summary Judgment

In opposing summary judgment, Mr. Hutchins requested an opportunity to conduct discovery prior to a ruling on summary judgment *if* the Court found that Wilmington Savings had made out a prima facie case for summary judgment against him. According to Mr. Hutchins, "[a]ll of the facts necessary for [his] defense are peculiarly within the possession of [Wilmington Savings]." [Doc. 45 p. 14]. Specifically, Mr. Hutchins claimed that he had "not seen or been presented with any admissible evidence" of: (1) the Note having been executed by Ms. Neill; (2) a valid assignment of the interest in the Mortgage to Wilmington Savings; and (3) the amount due on the Note. [Doc. 45, p. 24].

The Magistrate Judge rejected this claim in light of the evidence submitted by Wilmington Savings which includes: copies of the Note executed and delivered by Ms. Neill to CTX Mortgage Company, LLC [Doc. 1-2; Doc 30-1], the Mortgage securing the Note [Doc. 30-2], Assignments of Mortgage documenting the transfer of the mortgage interest from CTX Mortgage Company, LLC to Wilmington Savings [Doc. 30-4], a letter notifying Ms. Neill of the default and intent to accelerate the sums due [Doc. 42-3], a payoff schedule which includes a breakdown of the amount Wilmington Savings claims is due on the loan [Doc. 42-1, pp. 5-8], the Affidavit of its attorney,

5

Ryan Walters, in which Mr. Walters states that his firm is in possession of the original Note executed by Ms. Neill and the Affidavit of Gregory McMahan which addresses, *inter alia*, the assignment of the mortgage interest to Wilmington Savings, the default and the amount due on the loan [Doc. 30-3; Doc. 42-1].

Mr. Hutchins objects to the Magistrate Judge's conclusion that the record evidence contains the information Mr. Hutchins purports to lack for his defense. Mr. Hutchins points to the various evidentiary challenges he has raised as to Wilmington Savings' evidence. However, making evidentiary challenges to Wilmington Savings' evidence does not necessarily meet the standard for obtaining discovery under Rule 56(d).

A party invoking Rule 56(d) must explain by affidavit why he cannot present facts precluding summary judgment. *Price ex rel. Price v. W. Resources, Inc.*, 232 F.3d 779, 783 (10th Cir. 2000). A Rule 56(d) affidavit must: (1) identify the "probable facts not available," (2) explain why those facts "cannot be presented currently," (3) explain "what steps have been taken to obtain these facts," and (4) explain "how additional time will enable the party to obtain those facts and rebut the motion for summary judgment." *Id.*; *see also Valley Forge Ins. Co. v. Health Care Mgmt. Partners*, 616 F.3d 1086, 1096 (10th Cir. 2010).

Here, Mr. Hutchins has made conclusory challenges to the admissibility of Wilmington Savings evidence, but there is an important distinction between claiming that Wilmington Savings cannot prove its case and claiming that with additional discovery Mr. Hutchins can obtain evidence to refute Wilmington Savings' case. The latter is required to satisfy Rule 56(d). For example, Mr. Hutchins claims that the Assignments of Mortgage documenting the transfer of the Mortgage interest to Wilmington Savings are not legally effective to transfer the interest. [Doc. 66, p. 18]. However, unless Mr. Hutchins can identify specific probable facts that would show the

Assignments' lack of legal efficacy, explain why the facts cannot be presented currently, describe

what steps he has taken to obtain the facts, and explain how additional time would enable him to

obtain the facts and rebut the motion for summary judgment, Mr. Hutchins cannot establish that

he is entitled to discovery under Rule 56(d). Mr. Hutchins has not met this burden for any of the

areas in which he claims to require discovery. Therefore, his objections to the Magistrate Judge's

conclusion that he is not entitled to discovery under Rule 56(d) are overruled.

### B. The Magistrate Judge did not err in Concluding that Mr. Hutchins' Motions to Strike the Walters and McMahan Affidavits and for Sanctions Should be Denied

#### 1. Mr. Hutchins' Objections Regarding the Walters' Affidavit are Without Merit

In recommending that Mr. Hutchins motion to strike the Walters' Affidavit be denied, the

Magistrate Judge concluded that (1) Mr. Walters' personal knowledge was a sufficient basis for

his sworn statement that the original Note was in his firm's possession when the suit was initiated,

(2) Wilmington Savings was not required to submit the entire litigation file in support of the

Walters Affidavit, and (3) Mr. Walters' statement that his firm is in possession of the original Note

is not an impermissible legal conclusion. [Doc. 65, pp. 15-16]. In objecting to the Magistrate

Judge's conclusions, Mr. Hutchins argues that (1) Mr. Walters' statement that his firm is in

possession is the original Note is hearsay because the statement cannot be based on Mr. Walters'

personal knowledge and (2) Mr. Walters' sworn statements were based on the Wilmington

Savings' litigation file, therefore, the file should have been submitted in support of the Affidavit.

[Doc. 66, pp. 16-17].

Under rule 56(c)(4), "[a]n affidavit or declaration used to support or oppose a motion must

be made on personal knowledge, set out facts that would be admissible in evidence, and show that

the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "A

court should exclude testimony for lack of personal knowledge only if in the proper exercise of

the []court's discretion it finds that the witness could not have actually perceived or observed that which he testifies to." *United States v. Gutierrez de Lopez*, 761 F.3d 1123, 1132 (10th Cir. 2014). In the PFRD, the Magistrate Judge concluded that Mr. Walters could have perceived through observation that the Note in Wilmington Savings' litigation file was the original executed Note. [Doc. 65, p. 16]. Mr. Hutchins contends that unless Mr. Walters has "magical powers" he would not be able to observe the Note and "tell the age of the paper, remotely see [Ms.] Neill signing the paper, know with one magical look that the document is not a high quality color copy[,] [t]hat the signature was not photo-shopped onto the document or placed by auto pen." [Doc. 66, p. 16]. The Court acknowledges that, in some instances, it may be difficult to discern the difference between a high quality color copy and an original document. However, the Court cannot exclude the possibility that Mr. Walters could have perceived the difference between the original Note and a copy through mere observation.

To the extent that Mr. Hutchins suggests that Mr. Waters' statement regarding the original Note is hearsay, this objection is also without merit.  Hearsay is defined as "a statement that[] the declarant does not make while testifying at the current trial or hearing [that] a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Here, Mr. Walters has expressly stated that the statements in his Affidavit are based on his personal knowledge and the Court has found this to be an appropriate basis for the statements. Moreover, there is no indication in the record that Mr. Walters' relied on any out of court statements as the basis for his sworn statements.

As to the litigation file referenced by Mr. Walters, the Magistrate Judge correctly noted that the current version of Rule 56 does not require that documents referenced in an affidavit supporting summary judgment be attached to the affidavit itself. [Doc. 65, p. 16]; *see* Fed. R. Civ.

P. 56(c)(4) advisory committee notes to 2010 amendment. Nonetheless, Mr. Hutchins argues that the litigation file should have been submitted because it was the basis for Mr. Walters' statement regarding Wilmington Savings possession of the original Note. [Doc. 66, pp. 15-16]. The record does not support this assertion. In his Affidavit, Mr. Walters states that as counsel for Wilmington Savings he is responsible for maintaining Wilmington Savings' litigation file and that his firm is in possession of the original Note. [Doc. 30-3]. These statements are based on Mr. Walters' personal knowledge and his personal observation. [*Id.*]. There is no indication in the record that Mr. Walters' sworn statements are based on the statement of others from documents in the litigation file. [*Id.*].

### 2. Mr. Hutchins' Objections Regarding the McMahan Affidavit are Without Merit

In recommending that Mr. Hutchins motion to strike the McMahan' Affidavit be denied, the Magistrate Judge concluded in pertinent part that (1) Mr. McMahan's personal knowledge was a sufficient basis for his sworn statements that he is the CEO of American Mortgage Investment Partners and that Wilmington Savings is a subsidiary of American Mortgage Investment Partners, (2) the Note and Assignments of Mortgage referenced in the McMahan Affidavit are excepted from the rule against hearsay as self-authenticating documents and are sufficient to form a basis for Mr. McMahan's personal knowledge; and (3) the default notice and payoff schedule referenced in the McMahan Affidavit fall within the business records exception to the rule against hearsay and are sufficient to form a basis for Mr. McMahan's personal knowledge. [Doc. 65, pp. 9-12].

In objecting to the Magistrate Judge's conclusions, Mr. Hutchins argues that (1) Mr. McMahan's personal knowledge is not a sufficient basis for his statements regarding his status as CEO of American Mortgage Investment Partners, and (2) the Note, Assignments of Mortgage, default notice and payoff schedule cannot form the basis for Mr. McMahan's personal knowledge

because they constitute hearsay and are not covered by the business records exception. [Doc. 66, pp. 18-19].

With regard to Mr. McMahan's statements that he is the CEO of American Mortgage Investment Partners and that Wilmington Savings is a subsidiary of American Mortgage Investment Partners, Mr. Hutchins contends that the statements must be supported by facts in the record. [Doc. 66, p. 17]. According to Hutchins, "if Mr. McMahan is not the CEO of [American Mortgage Investment Partners] and …Wilmington Savings is not a subsidiary of [American Mortgage Investment Partners], then the foundation of Mr. McMahan's personal knowledge is called into question." [Doc. 66, p. 17].

As the Magistrate Judge explained, Rule 56(c)(4)'s personal knowledge requirement is construed in tandem with rule 602 of the Federal Rules of Evidence. *See Bryant v. Farmers Ins. Exchange*, 432 F.3d 1114, 1123 (10th Cir. 2005). Rule 602 provides that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. In evaluating an affidavit under this standard, the Court may consider the witness' own testimony to determine whether there is sufficient evidence to support a finding of personal knowledge. *See Hansen v. PT Bank Negara Indon. (Persero)*, 706 F.3d 1244, 1250 (10th Cir. 2013). And as previously discussed, a Rule 56 affidavit should only be excluded if the affiant could not have perceived or observed that to which he is testifying. *See Gutierrez de Lopez*, 761 F.3d at 1132. Here, Mr. Hutchins does not contend, and the Court does not find that Mr. McMahan could not have perceived or observed that he is the CEO of American Mortgage Investment Partners and that Wilmington Savings is a subsidiary of American Mortgage Investment Partners. Accordingly, Mr. McMahan's sworn statements on these points are sufficient to establish his personal knowledge.

To the extent that Mr. Hutchins suggests that Mr. McMahan may have committed perjury in stating that Wilmington Savings is a subsidiary of American Mortgage Investment Partners, the Court is not persuaded. [Doc. 66, p. 17]. Mr. Hutchins has submitted an incomplete copy of a document filed in 2016 in an unrelated administrative proceeding before the Securities and Exchange Commission which states that Wilmington Savings Fund Society, FSB is a subsidiary of Wilmington Savings Fund Society Financial Corporation. [Doc. 66, p. 31]. However, this document has no bearing on the veracity of Mr. McMahan's statements regarding the relationship between Wilmington Savings and American Mortgage Investment Partners in 2019, when the McMahan the Affidavit was executed.

With regard to the documents attached in support of the McMahan Affidavit, Mr. Hutchins initially challenged the documents as a basis for Mr. McMahan's personal knowledge, arguing that the documents constituted inadmissible hearsay and did not fit within the business records exception to as Wilmington Savings claimed. [Doc. 44, p. 6]. Now, Mr. Hutchins objects specifically to the Magistrate Judge's conclusions that: (1) the Note and Assignments of Mortgage are self-authenticating documents excepted from the rule against hearsay and (2) the default notice and payoff schedule fall within the business records exception to the hearsay rule.

As to the first objection, Mr. Hutchins does not dispute that documents containing an acknowledgment are self-authenticating and are excepted from the rule against hearsay. *See* Fed. R. Evid. 902 (8) (providing that acknowledged documents—documents "accompanied by a certificate of acknowledgment that is lawfully executed by a notary public or another officer who is authorized to take acknowledgments"—are self-authenticating and "require no extrinsic evidence of authenticity in order to be admitted."). Rather, Mr. Hutchins claims that Note at issue in this case does not contain an acknowledgment. [Doc. 66, p. 18]. However, this assertion is

clearly contradicted by the record evidence. The copy of the Note attached to Wilmington Savings'

Amended Complaint contains five pages; the promissory note comprises the first three pages, the

fourth page contains the blank indorsement, and the fifth page contains an "Identity Certificate"

which includes the acknowledgement. [Doc. 30-1].

As to the Assignments of Mortgage, Mr. Hutchins does not dispute that the Assignments

are acknowledged and are therefore self-authenticating. [Doc. 34-1; Doc. 66, p. 18]. Having

established that the Assignments are self-authenticating, Wilmington Savings need not also

establish that they come within the business records exception and Mr. Hutchins objection on this

issue is groundless.

Without analysis or citation to relevant authority, Mr. Hutchins also disputes the "legal

efficacy" of the Assignments and claims that the Assignments do not support an assertion that he

has a "duty to pay" Wilmington Savings, may "support a conclusion of slander of title", and "raise

questions regarding their creation and transfer." [Doc. 18]. These conclusory objections,

unsupported by fact or law are insufficient to focus the Court on the factual or legal issues in

dispute and therefore are overruled. *See United States v. One Parcel of Real Prop., with Buildings,*

*Appurtenances, Improvements, and Contents, Known as: 2121 East 30th Street, Tulsa, Okla.*, 73

F.3d 1057, 1060 (10th Cir. 1996) ("*One Parcel*") (holding that an objection must be "sufficiently

specific to focus the district court's attention on the factual and legal issues that are truly in

dispute.").

Concerning the default notice and payoff schedule, Mr. Hutchins objects to the Magistrate

Judge's conclusion that the documents fall within the business records exception to the hearsay

rule. [Doc. 66, p. 19]. Under Rule 803(6), to be admissible, business records must: (1) have been

prepared in the normal course of business, (2) have been made at or near the time of the events it

records, (3) be based on the personal knowledge of the custodian or another qualified witness, and (4) not have involved sources, methods, or circumstances indicating a lack of trustworthiness. *See* Fed. R. Evid. 803(6). A business record may be sufficiently authenticated taking into consideration the appearance, contents, substance, or other distinctive characteristics, together with all the circumstances. *See Law Co., Inc. v. Mohawk Constr. and Supply Co., Inc.*, 577 F.3d 1164, 1171 (10th Cir. 2009); Fed. R. Evid. 901(b)(4)). The testimony of a witness with knowledge may satisfy this requirement. *See* Fed. R. Evid. 901(b)(1).

In his Affidavit, Mr. McMahan states that the default notice and payoff schedule were (1) "made by or from information transmitted by a person with knowledge of the events or conditions recorded," (2) "made at or near the time of the events or conditions recorded," (3) "made in the regular course of business activity conducted by [American Mortgage Investment Partners and Wilmington Savings]," and (4) "kept in the regular course of business activity conducted by [American Mortgage Investment Partners and Wilmington Savings]." [Doc. 42-1, p. 2]. The Magistrate Judge concluded that Mr. McMahan's knowledge and experience as CEO of American Mortgage Investment Partners and his familiarity with the business records of the company and its subsidiary Wilmington Savings was sufficient to authenticate the documents referenced as business records. [Doc. 65, pp. 11-12].

Mr. Hutchins objects, arguing that the default notice and payoff schedule do not prove that the loan is in default or that Hutchins has an obligation to pay Wilmington Savings anything, are not business records because they were created for litigation, and raise questions as to who created the documents and why. [Doc. 66, p. 18]. Because Mr. Hutchins does not set out the legal or factual basis for these objections, they also are insufficient to alert the Court to the issues actually in dispute and are overruled. *See One Parcel*, 73 F.3d at 1060.

### 3.  Mr. Hutchins' Objection Regarding Sanctions is Insufficient

Having evaluated Mr. Hutchins' challenges to the Walters' and McMahan Affidavits, the Magistrate Judge found that there was no evidence that the Affidavits were submitted in bad faith and recommended that Mr. Hutchins' request for sanctions be denied. [Doc. 65, pp. 17-18]. In one sentence, Mr. Hutchins makes a general objection to this recommendation, incorporating his initial requests for sanctions into his Objections by reference. [Doc. 66, p. 20]. As Mr. Hutchins does not state the factual or legal basis for this objection, it too is insufficient. *See One Parcel*, 73 F.3d at 1060.

In sum, Mr. Hutchins has not shown that the Magistrate Judge erred in concluding that Mr. Hutchins' motions to strike the Walters and McMahan Affidavits and for sanctions should be denied. His objections on this issue are therefore overruled.

### C.  The Magistrate Judge Correctly Construed the Court's Prior Findings Regarding Wilmington Savings Status as Holder of the Note with Standing to Enforce the Note and Foreclose the Mortgage

When Mr. Hutchins filed his response to Wilmington Savings' summary judgment motion, the Court had not yet ruled on Mr. Hutchins' motion to dismiss. Consequently, the arguments in Mr. Hutchins' summary judgment response concerning Wilmington Savings' standing to enforce the Note and foreclose the Mortgage overlapped significantly with those presented in his motion to dismiss. [*See generally* Doc. 21; Doc. 45]. Since the Court's Memorandum Opinion and Order denying Mr. Hutchins' motion to dismiss was filed before the PFRD addressing Wilmington Savings' summary judgment motion, the Magistrate Judge incorporated the Court's analysis on the overlapping issues into the PFRD. [Doc. 65, pp. 3]. Pertinent here, the Magistrate Judge noted that in denying the motion to dismiss the Court found that "Wilmington Savings, as holder of the

Note had standing to bring this suit" and that "the bankruptcy discharge did not preclude Wilmington Savings from foreclosing the Mortgage." [Doc. 60, p. 3].

Mr. Hutchins objects, claiming that the Magistrate Judge misconstrued the Court's rulings. [Doc. 66, pp. 3-6]. Mr. Hutchins claims that the Court never made a determination "on the merits" that Wilmington Savings was the holder of the Note entitled to enforce it. [Doc. 66, p. 4]. Mr. Hutchins argues that such a determination could not have been made since the Court did not first determine that the Note includes Ms. Neill's original signature, that the indorsement is authentic and authorized, and that the Note was delivered to Wilmington Savings. [*Id.*]. He is incorrect.

In evaluating Wilmington Savings' standing to enforce the Note, the Court recognized that Wilmington Savings had attached a copy of the Note, indorsed in blank, to its Complaint along with the Walters Affidavit, in which Mr. Walters stated that his firm was in possession of the original Note at the time the suit was initiated.[1] [Doc. 58, p. 2, 10-11; Doc. 60. pp. 8-10]. Based on the evidence submitted with the Complaint, the Court found that Wilmington Savings had adequately pled and proven its standing to enforce the Note. [Doc. 58, pp. 7, 10-11 (citing *Los Alamos National Bank v. Velasquez*, 2019-NMCA-040, ¶¶ 14-15 which recognized that under the New Mexico Uniform Commercial Code, NMSA 1978, § 55-3-301 (1992) a person or entity is entitled to enforce a promissory note where it is the holder of the instrument; and where the note is indorsed without identifying a bearer, it is indorsed in blank and payable to the bearer, who is in turn defined as the "holder" of the note under New Mexico law.)]. This constituted a decision on the merits as to Wilmington Savings' status as holder of the Note and standing to enforce it.

Mr. Hutchins also argues that there was no basis for the Court to rule on Wilmington Savings' standing to enforce the Note since it is not attempting to do so. Mr. Hutchins essentially

---

[1] The analysis was fully set forth in the Magistrate Judge's PFRD, which was adopted and incorporated by the Court's Memorandum Opinion and Order. [Doc. 58, p. 2; Doc. 60, pp. 8-10].

argues that Wilmington Savings has brought an action to foreclose the Mortgage but is not concurrently seeking to enforce the Note and has not claimed to be a secured creditor. [Doc. 66, pp. 5-6]. This is also incorrect.

In its Amended Complaint Wilmington Savings alleges that: (1) "all rights in the Note and Mortgage have been transferred to Wilmington Savings; (2) "[t]he original mortgagee indorsed the Note corresponding to the mortgage in blank directly on the Note itself. Therefore, the Note can be transferred by possession alone as it has been indorsed in blank"; and (3) "[b]ecause the Note has been indorsed in blank and because Wilmington Savings' counsel is in possession of the original Note, Wilmington Savings is the proper party to bring this foreclosure action." [Doc. 30, p. 4]. A foreclosure action is defined as "a legal proceeding to terminate a mortgagor's interest in property, instituted by the lender [or mortgagee] either to gain title or to force a sale in order to satisfy the unpaid debt secured by the property." *Foreclosure*, Black's Law Dictionary (11th ed. 2019). The allegations in the Amended Complaint make clear that Wilmington Savings *is* claiming to be the owner of the debt secured by the Mortgage with rights to both enforce the Note and foreclose the Mortgage.

With regard to Court's ruling on the effect of the bankruptcy discharge on Wilmington Savings' right to foreclose the Mortgage, Mr. Hutchins contends that the Magistrate Judge misconstrued the Court's Memorandum Opinion and Order to hold that the discharge did not preclude Wilmington Savings from foreclosing the Mortgage. [Doc. 66, p. 6]. Hutchins is correct that in its Memorandum Opinion and Order, the Court recognized that the bankruptcy discharge would not preclude a secured creditor from foreclosing a mortgage. *See*, *e.g.*, *In re Jester*, 2015 WL 6389290, at *7 (B.A.P. 10th Cir. Oct. 22, 2015), aff'd, *In re Jester*, 656 Fed. Appx. 425 (10th Cir. 2016) (unpublished) ("[T]he discharge injunction does not preclude in rem actions by secured

creditors[.]"). However, Hutchins is not correct that Wilmington Savings does not claim to be a

secured creditor and therefore cannot pursue an in rem action to foreclose the Mortgage at issue

here.

A secured creditor is "[a] creditor who has the right, on the debtor's default, to proceed

against collateral and apply it to the payment of the debt." *Creditor*, Black's Law Dictionary (11th

ed. 2019). "A mortgage is an interest in real property that secures a creditor's right to repayment"

of the debt secured by the property. *Johnson v. Home State Bank*, 501 U.S. 78, 82 (1991). As

previously discussed, Wilmington Savings is claiming to own both the debt secured by the subject

property (evidenced by the Note) and the Mortgage interest in the property. [Doc. 30, pp. 4-6].

Thus, Wilmington Savings has asserted that it is a secured creditor who has the right to enforce

the Note through an in rem action to foreclose the Mortgage. [Doc. 30, pp. 4-6].

Finally, Mr. Hutchins makes several objections and/or arguments based on the premise that

Wilmington Savings cannot foreclose the Mortgage since it is not seeking to enforce the Note and

has no standing to do so.[2] [3] However, having rejected both of these premises, the Court finds that

Mr. Hutchins objections in this vein are without merit.

### D. The Court will Grant Wilmington Savings' Motion for Default Judgment Against the Unknown Heirs, Devisees or Legatees of Ms. Neill

The Court notes that no objection has been made to the Magistrate Judge's findings that:

the unknown heirs, devisees or legatees of Ms. Neill were served by publication and have failed

---

[2] *See* [Doc. 66, pp. 7-15 (arguing that Wilmington Savings' standing as found by the Court in the MOO was based on its entitlement to enforce the Note not on its ability to enforce the Mortgage alone; Wilmington Savings does not claim to be a secured creditor therefore it cannot Mortgage alone; Wilmington Savings does not allege breach of (the Mortgage) contract; the assignment of the Mortgage to Wilmington Savings is a nullity since Wilmington Savings cannot or is not attempting to enforce the Note)].

[3] To the extent that Mr. Hutchins also objects to the Magistrate Judge's conclusion that he has not raised or argued a statute of limitations defense [Doc. 66, pp. 21-22] , the Court notes that while Mr. Hutchins asserted the statute of limitations as an affirmative defense in his Answer [Doc. 61, p. 7], he has not developed that argument or sought relief based upon the statute of limitations, as the Magistrate Judge recognized. [Doc. 65, p. 6 n. 4].

to answer or otherwise plead [Doc. 37-1]; the Clerk's Entry of Default was properly filed on April 25, 2019 [Doc. 41]; the Note described in the Amended Complaint was executed and delivered by Ms. Neill CTX Mortgage Company, LLC on May 23, 2007 [Doc. 30, pp. 3]; in order to secure payment of the Note, Ms. Neill executed and delivered the Mortgage to Mortgage Electronic Registration Systems, Inc., as nominee for CTX Mortgage Company, LLC [*Id.*]; the original Note was indorsed in blank and in the possession of Wilmington Savings at the time this litigation was initiated [*Id.*]; the Mortgage was subsequently assigned to Wilmington Savings [*Id.*, pp. 4-5]; the Note is in default and the amount of unpaid principal due is $224,833.42, plus interest at the current rate of 6.875% per annum from September 1, 2008 forward, plus late charges, escrows, and advances [*Id.*, pp. 4, 6]; as of March 22, 2018, interest in the amount of $147,746.00 was owed on the loan balance and interest continues to accrue at the rate of $42.94 per day from March 23, 2018 forward until the loan balance is paid. [*Id.*, p. 4].

These unchallenged facts are supported by the record and provide a sufficient basis for an Order of default judgment. Fed. R. Civ. P. 55. (providing that default judgment may enter against a party who fails to appear or otherwise defend); *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970) (recognizing that under Rule 55 the party seeking default judgment must obtain a Clerk's entry of default and then move the Court for a default judgment); *Archer v. Eiland*, 64 F. App'x 676, 679 (10th Cir. 2003) (stating that once a defendant is found to be in default, the Court must take "as true all factual allegations in the complaint, except those pertaining to the amount of damages."). Therefore, the Court will grant Wilmington Savings' motion for default judgment against the unknown heirs, devisees or legatees of Ms. Neill.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Defendant Gregory Hutchins' Objections to the PFRD [Doc. 66] are without merit. The Court hereby overrules the Objections and **adopts** the Magistrate Judge's PFRD [Doc. 65].

WHEREFORE, IT IS ORDERED THAT:

1. Mr. Hutchins' Motion to Strike Affidavit of Ryan Walters and Cross Motion for Sanctions [Doc. 43], is **DENIED**;

2. Mr. Hutchins' Motion to Strike Affidavit of Ron McMahan and Cross Motion for Sanctions [Doc. 44], is **DENIED**; and

3. Wilmington Savings' Motion for Summary Judgment Against Gregory Hutchins and Motion for Default Judgment Against Remaining Defendants [Doc. 42], is **GRANTED**.

SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE