IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILMINGTON SAVINGS FUND SOCIETY,
FSB, D/B/A/ CHRISTIANA TRUST AS
OWNER TRUSTEE OF TE RESIDENTIAL
CREDIT OPPORTUNITIES TRUST III,

        Plaintiff,

v.                                                                     CV 18-0346 JCH/JHR

GREGORY HUTCHINS, in his individual
capacity and as personal representative of the
Estate of SANDRA J. NEILL, and THE
UNKNOWN HEIRS, DEVISEES OR
LEGATEES OF SANDRA J. NEILL,

        Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION OF ALL PENDING MOTIONS

This matter comes before the Court on Gregory Hutchins' ("Hutchins'") Motions seeking relief from Judgment and asking the Court to enter sanctions against Plaintiff's ("Wilmington Savings'") counsel, Ryan Walters (and his law firm), including striking his filings, or to alternatively dismiss this case for fraud on the Court. [Docs. 72, 77, 86, 89, 96, 102 and 103]. Also before the Court is Plaintiff's *Motion for Entry of Order Approving Special Master's Report and for Writ of Assistance*. [Doc. 97]. Pursuant to 28 U.S.C. § 636(b), presiding District Judge Herrera referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." [Doc. 46]. Having carefully considered the parties' filings, including the various "criminal complaints" and "notices" filed by Hutchins since Judgment was entered, [Docs. 73, 74, 90, 113], as well as the relevant law, I **find and recommend** that all of Hutchins' Motions and other requests

1

for relief should be **denied**, that Wilmington Savings' Motion should be **granted**, and that the Court should issue a **writ of assistance** as requested by Wilmington Savings to remove Hutchins' affiliate, Ken Hanks, or any other individual unlawfully claiming the right to inhabit the subject property.

## I.      INTRODUCTION

Presiding District Judge Herrera entered Final Judgment in this diversity-based foreclosure action on May 28, 2020. [Doc. 70]. Since then, Hutchins has waged a campaign to undo the judgment through various filings which, among other things, claim that this Court lacks jurisdiction over this case, that counsel for Wilmington Savings has suborned perjury, that Wilmington Savings' agents have committed criminal acts, that counsel for Wilmington Savings is acting without authority to represent it, and that Wilmington Savings' counsel has engaged in sanctionable conduct. As explained below, many of these arguments have been raised and addressed or should have been raised before entry of judgment under clearly established law - precluding their consideration now. Adverse to the tapestry of Hutchins' allegations are two recommendations by the undersigned Magistrate Judge and two orders by District Judge Herrera adopting those recommendations which conclude the opposite - that the Court has jurisdiction, that Wilmington Savings is the holder of the note and mortgage on the subject property, and that it is entitled to a judgment of foreclosure by virtue of decedent Sandra Neill's failure to make timely payments on the subject mortgage (as well as Hutchins' junior status to Wilmington Savings – assuming any interest he has is valid). Having carefully reviewed every allegation raised by Hutchins, I find no substantial evidence in support and therefore I recommend that all of the relief he requests be denied. Further, the Court should consider awarding Wilmington Savings' reasonable expenses in defending against Hutchins' Rule 11 motion, and Wilmington Savings

should be granted the writ of assistance it requests to remove Hutchins or anyone claiming a right to be present through him from the real property at issue.

## II.    BACKGROUND

On April 13, 2018, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust as Owner Trustee of the Residential Credit Opportunities Trust III, filed a *Complaint for In Rem Foreclosure* against Sandra J. Neill.  [Doc. 1]. Wilmington Savings sought foreclosure against real estate in Bernalillo, New Mexico, as collateral on a loan allegedly in default.  [*Id.*, pp. 1-2]. Upon motions after the death of Neill, presiding District Judge Judith C. Herrera allowed amendment of the complaint and substitution of parties. [Doc. 28]. Wilmington Savings filed an *Amended Complaint for In Rem Foreclosure (corrected)* on March 1, 2019, naming as defendants Gregory Hutchins, individually and as personal representative of the Estate of Neill, as well as the unknown heirs, devisees or legatees of Neill.  [Doc. 30].[1]

The court clerk entered default against the unknown heirs, devisees or legatees of Neill on April 25, 2019.  [Doc. 41]. Meanwhile, Hutchins filed and the parties litigated a *Motion to Dismiss*, which I recommended be denied. [Doc. 58]. After considering Hutchins' objections, Judge Herrera adopted the recommendation and denied the motion to dismiss on December 20, 2019.  [Doc. 60].

---

[1] Hutchins' relationship to the decedent is unknown. He entered into this litigation by filing a Notice of Suggestion of Death, claiming to be the executor of her Estate. [Doc. 12].  That claim has not been challenged to date.  The Court notes that Hutchins has made a name for himself in New Mexico as "a speculator in foreclosed properties." *Phoenix Funding, LLC v. Aurora Loan Services, LLC*, 2017-NMSC-010, ¶ 7, 390 P.3d 174, 177.

Hutchins subsequently filed an *Answer to Complaint for Foreclosure and Counterclaims [sic]*[2] on behalf of himself and for the Estate of Neill[3] on January 3, 2020. [Doc. 61].

Wilmington Savings filed *Plaintiff's Motion for Summary Judgment against Gregory Hutchins and Motion for Default Judgment against Remaining Defendants* on April 30, 2019. [Doc. 42]. After full briefing, I recommended disposition of the motion, sub-motions and cross-motions on April 20, 2020. [Doc. 65]. After considering Hutchins' objections, Judge Herrera adopted the recommendation, granted Wilmington Savings' motion for summary judgment, and denied Hutchins' motions on May 28, 2020. [Doc. 69]. Judge Herrera entered a Final Judgment the same day. [Doc. 70.] Judge Herrera then entered an *Order Regarding Foreclosure of Real Estate and Authorizing Foreclosure Action* on June 9, 2020. [Doc. 71]. Wilmington Savings filed a notice of sale on June 17, 2020. [Doc. 75].

### A. Hutchins' Rule 59 Motion

Hutchins filed a *Motion to Alter or Amend the Judgment* on June 16, 2020, asking the Court pursuant to Rule 59(e) to reconsider its grant of judgment. [Doc. 72]. Wilmington Savings filed a response on June 30, 2020, [Doc. 78], and Hutchins filed a reply on July 10, 2020. [Doc. 80]. Hutchins filed an addendum to the motion on September 18, 2020. [Doc. 93].

Hutchins' Motion argues that the Court erred in finding that Wilmington Savings had standing to enforce the Note underlying the mortgage, [Doc. 72, p. 2, citing Doc. 69, p. 15, citing Doc. 58, pp. 10-11], because (a) this Court lacks jurisdiction over a cause of action to enforce the

---

[2] The Answer filed by Hutchins for himself and the Estate of Neill contains an admissions and denials and affirmative defenses, but no counterclaims. Wilmington Savings filed *Plaintiff's Response to Gregory Hutchins' Counterclaims* on January 24, 2020, [Doc. 63], addressing each of the affirmative defenses and an undenominated demand by Hutchins for damages.

[3] At no point in the record has Hutchins entered an appearance as counsel for the Estate of Neill nor explained on what basis he is authorized to represent the Estate as an advocate in this litigation, nor has he provided any documentation of a court appointment as personal representative of the Estate.

note against Neill because of her bankruptcy and later death, [Doc. 72, pp. 2-3], (b) the issue of who is entitled to enforce the note is moot, [*id.*, at 3], and (c) Wilmington Savings never asserted a claim to enforce the note in this case, [*id.*, at 3]. Hutchins also argues that the Court erred in considering an affidavit by Ryan Walters in support of summary judgment because Walters lacked personal knowledge of those facts. [*Id.*, at 7-]. Hutchins says that Walters could not provide an affidavit based on business records without making the records themselves part of the record, nor could he possibly conclude that a document he observed was an original. [*Id.*, at 8]. Hutchins says Walters could not rely on an "Identity Certificate" to support the validity of the note. [Doc. 72, at 8-9]. Hutchins then argues that the Court erred in considering an affidavit by Ron McMahan in support of summary judgment because it constituted both perjury and obstruction of justice. [Doc. 72, at 9-10]. Hutchins says that McMahan lied about the corporate parentage of Wilmington Savings. [*Id.*, at 10]. He says that the notice of default and payoff schedule relied upon were inadmissible hearsay because they were not business records and were prepared in anticipation of litigation. [*Id.,* pp. 10-11].

Next, Hutchins argues that Wilmington Savings did not state a claim to ownership of the underlying debt and did not provide beneficial ownership supporting summary judgment. [*Id.*, pp. 11-12]. He disputes that there is factual support for Wilmington Savings' claim to have received transfer of all rights in the note and mortgage. [*Id.*, pp. 12-15]. Hutchins cites NMSA 1978 55-9-203 as governing who owns a beneficial interest in a note. [*Id.*, at 16]. He argues the note can't show who owns the beneficial interest, and the mortgage can't show who owns the debt, i.e., who was injured by a default in payments, [*id.*], nor do the notice of default or the demand loan payoff letter provide evidence of ownership. [*Id.*, at 16-17]. Hutchins says that the McMahan affidavit is inadequate because it does not show complete chain of title to the debt. [*Id.*, at 17].

Hutchins also disputes that the amount owed on the note can be shown by anything short of examination of "the books and records of each Lender (owner of the debt) in the chain of title to the debt". [*Id.*, at 18]. Hutchins argues that his affidavit denying Wilmington Savings' claims created an affirmative burden on Wilmington Savings to produce additional evidence. [*Id.*, at 19]. Hutchins ultimately argues that "[t]he material facts necessary and essential for plaintiff to be granted summary judgment as a creditor would be proof of a complete chain of title to the ownership of the debt and proof of all payments received and how they were applied show [*sic*] that the amount due is correct." [*Id.*, at 21]. Finally, Hutchins cites "the law of judicial admissions" to argue that Wilmington Savings, filing its amended complaint in the name of "Wilmington Savings Fund Society, FSB D/B/A Christiana Trust as Owner Trustee of the Residential Credit Opportunities Trust III"[4], cannot maintain its claim without express proof that it is a Delaware corporation registered under that exact name. [*Id.*, at 25-32].

Wilmington Savings' response to Hutchins' motion argues that Hutchins "already submitted extensive arguments on the same issues" in the briefing that led up to the judgment he now attacks, and each was "comprehensively addressed" in the Court's decisions. [Doc. 78, at 4 (citing Docs. 65 at pp. 18-22, 69 at pp. 14-17)]. Wilmington Savings specifically points to Hutchins' briefing on alleged deficiencies in the Note, Wilmington Savings' capacity to sue, the impact of Decedent Neill's bankruptcy on this case, perceived issues with Wilmington Savings' summary judgment evidence, and why discovery before entry of judgment was unnecessary. [Doc. 78, pp. 4-8]. Wilmington Savings argues, therefore, that Hutchins' "simply wishes to relitigate arguments the Court previously rejected – an improper use of a Rule 59(e) motion [and, a]ssuming

---

[4] Hutchins repeatedly omits the word "Credit" from his recitations of the exact party name on the Amended Complaint. [*See* Doc. 72, at 23-24, 28-29].

6

he has raised any truly new arguments, he provides no justification of his failure to raise those arguments previously." [*Id.*, p. 8].

Hutchins' reply directs attention to "newly available evidence, the Q-10 of WSFS Financial Corporation", as a reason to disregard the McMahan affidavit.  [*Id.*, at 2]. On that basis, he argues that Wilmington Savings "does not deny or contradict that that [*sic*] Ron McMahan's statement that Wilmington Savings was a subsidiary of AMIP was knowingly false[ and] does not deny or contradict that Ron McMahan's statement that Residential Credit Opportunities Trust III was owned by AMIP was not [*sic*] knowingly false."  [*Id.*, at 2-3].

Hutchins filed an addendum subsequent to his reply, raising a new argument: that Wilmington Savings' counsel Ryan Walters "is not now or ever was the authorized representative of the named and defined Plaintiff 'Wilmington Savings Fund Society FSB d/b/a Cristiana Trust as Owner Trustee of the Residential Credit Opportunities Trust III, a Delaware Corporation." [Doc. 93, at 1]. Hutchins contends that the result is to deprive the Court of jurisdiction to enter a valid judgment.  [*Id.*].

**B.  Hutchins' Rule 60 Motion**

Hutchins filed his *Motion to Vacate a Judgement* on June 26, 2020. [Doc. 77]. Wilmington Savings filed a response on July 10, 2020, [Doc. 79], and Hutchins filed a reply on July 17, 2020, completing the briefing. [Doc. 81.]

Hutchins' argument for relief under Rule 60(b) is that Wilmington Savings' counsel, Ryan Walters, Esq., lacks authority to represent it. [*See* Doc. 77, pp. 2-3]. Hutchins says that he raised this issue "by specific negative averment" in his own affidavit in opposition to summary judgment and that those negative averments "remain[] unrebutted." [*Id.*, p. 3]. Hutchins asks the Court to vacate its summary judgment order and dismiss the case with prejudice as a result. [*Id.*].

In response, Wilmington Savings points out that Hutchins failed to raise his argument prior to entry of judgment and that the affidavits relied on by Hutchins have been duly considered. [Doc. 79, p. 4]. It also argues that the relief Hutchins seeks is actually reserved for a lawyer's client claiming that its attorney has acted without authority, and Hutchins' lacks standing to raise the alleged lack of authority. [*Id.*, pp. 5-6]. Wilmington Savings then argues that Hutchins' Motion lacks factual merit – pointing out that through the course of litigation its attorney has authored an affidavit averring to possession of the original Note, presented a color copy of the Note, attached an affidavit from its representative evincing an attorney-client relationship, and provided a bailee letter between its present and former counsel. [*Id.*, pp. 7-8]. Additionally, Wilmington Savings notes that Hutchins' lacks personal knowledge to competently challenge the attorney-client relationship at issue. [*Id.*, p. 8].

Hutchins' reply doubles down, contending the issue has not been addressed (without addressing whether it should have been), asserting that Wilmington Savings bears a burden of proof to rebut his affidavit which it has not met, arguing that Mr. Walter's behavior before the Court was insufficient to prove his authority to act, and conceding  that he has no personal knowledge of the attorney-client relationship but rallying to propose that Wilmington Savings and Mr. Walters bear a burden of disproving his "negative averment." [*See generally* Doc. 81].

### C. Hutchins' Motion to Strike or Deny the Report of the Special Master and resulting Motion to Strike Wilmington Savings' Response or Dismiss the Case for Fraud on the Court

Hutchins filed a *Motion to Strike and or in the alternative Deny the Report of the Special Master Confirming the Sale* on August 18, 2020. [Doc. 86]. Wilmington Savings filed a response on September 3, 2020. [Doc. 87]. Hutchins filed a reply on September 14, 2020. [Doc. 91].  Before his reply, Hutchins filed a *Motion to Strike Response of Plaintiff and Dismiss Proceeding for Lack*

*of Authority and for Fraud upon the Court* on September 11, 2020. [Doc. 89]. Wilmington Savings filed a response to this Motion on September 25, 2020. [Doc. 94.] Hutchins filed a reply on October 5, 2020, completing the briefing. [Doc. 95].

Hutchins' Motion states: "[t]his case has been a sham and a fraud since its inception." [Doc. 86, p. 1]. Hutchins then accuses attorney Walters of concocting the litigation, "assert[ing] falsely that he represents Wilmington Savings" in an effort to "deprive Hutchins of his property without cause and defraud the unknown beneficial owner of the debt." [*Id.*]. In support, Hutchins argues that "[o]n information and belief, Mr. Walters has never had a retainer agreement with the alleged named Plaintiff…. [and has] failed to provide proof of legal authorization to represent Plaintiff[.]" [*Id.*, p. 2]. Hutchins again argues that Walters suborned perjury in seeking summary judgment and reasserts that "[t]he record is devoid of any factual allegation of ownership of the debt or proof thereof." [*Id.*]. Moreover, argues Hutchins, "on information and belief" Mr. Walters placed a false credit bid at the Special Master's sale or had another person do so, and convinced the Special Master to transmit the deed to Mr. Walter's actual client, an unnamed actor, but certainly not to the named Plaintiff. [*Id.*, p. 3]. Hutchins thus claims fraud, adding that, because the Court has not ruled on his post-judgment motions, the sale was premature. [*Id.*].

In response, Wilmington Savings points out the similarity of Hutchins' present arguments with those raised in other filings. [Doc. 87, pp. 1-3]. It also argues that Hutchins provides no authority or evidence supporting his allegations of fraud, and even attaches its engagement letter with Mr. Walters as further evidence of the attorney-client relationship. [*Id.*, p. 3].

Hutchins' reply, however, takes the engagement letter to be an admission. According to Hutchins, because it was sent to American Mortgage Investment Partners (which prior filings have established owns Wilmington Savings) rather than to the named Plaintiff, the engagement letter

proves that Mr. Walters lacks authority. [Doc. 91, p. 1]. Hutchins then again argues in favor of vacating the Court's judgment on the ground that the Court never decided that Wilmington Savings is "the owner of the beneficial interest in the debt." [*Id.*, p. 2]. Hutchins concludes by relying on his own affidavit to assert that Wilmington Savings did not actually make a bid at the sale, positing that Mr. Walters again failed to rebut his "negative averment" to the contrary. [*Id.*].

Before filing his reply, Hutchins moved to strike Wilmington Savings' responsive briefing and to dismiss this case for lack of authority and fraud on the court. [Doc. 89]. In this filing Hutchins claims the Court lacks subject matter jurisdiction because the proper parties are not before it, all because Mr. Walters has no authority to represent Wilmington Savings. [*Id.*, pp. 2-4]. Hutchins relies again on the engagement letter between Mr. Walters and American Mortgage Investment Partners, [*id.*, pp. 4, 15], whereby he seeks "to protect the integrity of this Court[] and to prevent a miscarriage of justice" by having the Court strike Wilmington Savings' response, void the sale, and dismiss the case with prejudice. [*Id.*, p. 4].

In response, Wilmington Savings argues that Hutchins "continues to waste the Court's time by asserting arguments that he has already raised in a variety of different filings." [Doc. 94, p. 1]. It relies upon the engagement letter with Mr. Walters and highlights that "[t]his residential foreclosure case has been proceeding for such an extended period of time that counsel … has changed law firms during the course of representing [it]." [*Id.*, p. 2]. Hutchins, in reply, calls Mr. Walters' statements false and fraudulent but cites nothing but Mr. Walters' "admissions," summarized above. [*Id.*]. Hutchins accuses Mr. Walters of fraud on the Court in the form of "a scheme or artifice to defraud Hutchins of his property, without right or authority to do so[]" and alleges violation of federal criminal law thereby. [*Id.*, pp. 3-6]. Once more, Hutchins requests

10

dismissal of the case because Wilmington Savings is not properly before the Court, defeating the Court's subject matter jurisdiction. [*Id.*, p. 6].

### D.  Hutchins' Motion for Sanctions

Hutchins filed a *Motion for Sanctions pursuant to Rule 11, and the Inherent Power of the Court* on October 29, 2020. [Doc. 96]. Wilmington Savings responded on November 12, 2020, [Doc. 98], and Hutchins filed a reply on November 30, 2020. [Doc. 100].

Citing Federal Rule of Civil Procedure 11 and the Court's inherent powers, Hutchins moves for sanctions on the grounds that Mr. Walters has no authority to represent Wilmington Savings and that he filed the McMahan affidavit for an improper purpose, thereby abetting perjury. [*See generally* Doc. 96]. In addition to noting the similarity of these arguments with other filings Hutchins has submitted, Wilmington Savings' response points out that there is a "legal presumption that an attorney has authority to represent the person for whom he appears." [Doc. 98, p. 5 (quoting *FDIC v. Oaklawn Apartments*, 959 F.2d 170, 175 (10th Cir. 1992)]. It again points to its engagement letter with Mr. Walters, the documents it submitted demonstrating its legal existence, and the Court's prior analysis of its summary judgment evidence. [*Id.*, p. 6].

Hutchins, undaunted, says the engagement letter proves that Mr. Walters does not have authority to represent the Plaintiff because he has changed law firms since this case was filed. [Doc. 100, p. 2]. Hutchins demands that Mr. Walters and his current firm produce a retainer agreement to prove authority and that his factual assertions be taken as true because they were not specifically rebutted. [*Id.*, pp. 3-7]. Hutchins accuses Mr. Walters of violating the New Mexico Rules of Professional Conduct and "requests … the most severe sanctions against Mr. Walters and the law firm of Keleher & Mcleod, to not only sanction them, but to set an example to other firms that this type of behavior is not to be tolerated…." [*Id.*, p. 9].

**E.  Wilmington Savings' Motion for Entry of Order Approving Special Master's Report and for Writ of Assistance and Hutchins' Motions to Strike**

Wilmington Savings filed *Plaintiff's Motion for Entry of Order Approving Special Master's Report and for Writ of Assistance* on November 12, 2020.  [Doc. 97].  Hutchins filed a response on November 30, 2020. [Doc. 99]. Wilmington Savings filed a *Notice of Supplemental Authority* on January 20, 2021. [Doc. 111].

Wilmington Savings explains in its Motion that it needs court approval of the special master's sale as a matter of state foreclosure procedure. [Doc. 97, p. 3]. It also asks for a writ of assistance to remove an individual, Ken Hanks, who is currently residing on the property - apparently with Hutchins' permission. [*Id.*, pp. 3-4]. Wilmington Savings advises that this case is not within the eviction protections of the CARES Act. [*Id.*, pp. 6-7].

Hutchins's responsive filing reasserts that the Special Master's sale was invalid because Mr. Walters has no authority to represent Wilmington Savings and asks the Court to dismiss the case for fraud on the Court or lack of subject matter jurisdiction. [*See generally* Doc. 99].

Hutchins also filed a *Motion to Strike and or in the Alternative Disregard the Declaration of Donna Zamora*, *submitted in support of the Motion for Approval and for a Writ of Assistance*, on November 30, 2020, [Doc. 102], accusing Mr. Walters of coercing Ms. Zamora's statements about Hutchins' unilateral decision to allow Mr. Hanks to reside on the subject property. [*Id.*, pp. 1-4]. Hutchins discloses in this filing that Mr. Hanks has a "three year (sic) lease agreement with Hutchins." [*Id.*, p. 4]. Hutchins demands that the Court sanction Mr. Walters and his law firm. [*Id.*, p. 6].

Wilmington Savings filed a response on December 14, 2020, arguing that Hutchins' admissions effectively conceded the merit of its request for a writ of assistance by admitting that he is the individual responsible for Hanks' presence on the property. [Doc. 104, p. 3]. Hutchins

filed a reply on December 29, 2020, claiming that he has been the owner and possessor of the property since a conveyance to him by decedent Neill on September 13, 2018, disregarding the effect of the judgment of foreclosure. [*See generally* Doc. 108]. Hutchins says Donna Zamora's declaration contains falsehoods and should be stricken or disregarded in its entirety. [*Id.*, p. 4].

Hutchins also filed a *Motion to Strike and or in the alternative Dismiss Plaintiff's Motion for Entry of Order Approving Special Master's Report and for Writ of Assistance for Lack of Authority and for Fraud upon the Court* on November 30, 2020.  [Doc. 103]. Hutchins' Motion repeats his jurisdictional argument premised on Mr. Walters' alleged lack of authority to represent Wilmington Savings and asserts that Mr. Walters committed fraud on the Court by filing Wilmington Savings' Motion (Doc. 97). [*Id.*, pp. 1-4]. Wilmington Savings filed a response on December 14, 2020, [Doc. 105], and Hutchins filed a reply on December 29, 2020. [Doc. 106].

### III.   ISSUES PRESENTED

**A.   Hutchins' Motion to Dismiss or Strike [Doc. 89]:** Where a party relies upon an engagement letter signed by opposing counsel and sent to the opposing party's representatives to argue opposing counsel lacks representative authority (because counsel's law firm changed names and then counsel changed firms), should the Court dismiss the case for fraud upon the court or strike responsive documents filed by the opponent's counsel?

**B.   Hutchins' Rule 59 and Rule 60 Motions to Alter or Amend the Court's Judgment [Docs. 72, 77]:** Has Hutchins shown clear legal error or manifest injustice, or produced new evidence previously unavailable in the form of "the Q-10 of WSFS Financial Corporation", to provide a basis to alter or amend the Court's previous judgment, or has he merely repeated arguments already made and decided or which could have been decided before entry of judgment?

**C.**     **Hutchins' Motion to Strike the Special Master's Report [Doc. 86]:** Should the Court strike the report of the special master, which is not a pleading subject to being stricken under Rule 12(f), because Wilmington Savings' counsel allegedly acted without authority?

**D.**     **Hutchins' Motion for Sanctions [Doc. 96]:** Should Hutchins' motion for sanctions under Rule 11 or the Court's inherent powers be granted and sanctions be imposed against Wilmington Savings or its attorney where Hutchins provides no evidence of compliance with Rule 11's safe harbor service requirement and cites no evidence in support of his allegations that opposing counsel lacked authority to represent his client and that it is not the proper party to bring suit?

**E.**     **Wilmington Savings' Motion for Entry of Order Approving Special Master's Report and for Writ of Assistance and Hutchins' Motions to Strike [Docs. 97, 102, 103]:** Has Wilmington Savings demonstrated entitlement to (1) judicial approval of the Special Master's Report concerning the sale of the subject property and (2) a writ of assistance ordering Hutchins and anyone claiming occupancy through him to relinquish possession of the real property subject to assistance by the United States Marshal for the District of New Mexico, where it has shown that the sale took place as ordered but persons claiming to have permission from Hutchins occupy or reside on the property and have refused to vacate the residence and place Wilmington Savings in possession, and where Hutchins' associated Motions rehash arguments previously made about opposing counsel's lack of authority and Plaintiff's lack of standing to foreclose on the subject mortgage?

14

## IV.    ANALYSIS

The Court has fully considered Hutchins' arguments and rejects them, convinced that Wilmington Savings is the proper possessor of the subject property and is entitled to an order approving the Special Master's sale and a writ of assistance to put it in rightful possession.

**A. Hutchins' Motion to Dismiss or Strike [Doc. 89] should be denied.**

Fraud on the court requires a showing that the impartial functions of the court have been corrupted by an intentional act; mere nondisclosure to the court of facts allegedly pertinent to the matter before it will  not rise to the level of fraud on the court. *See United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002). "Proof of fraud upon the court must be by clear and convincing evidence." *Id.*

The alleged fraud here is Wilmington Savings' counsel's lack of authority based on an engagement letter that names Mr. Walter's former law firm rather than his current firm. Assuming for this analysis that counsel's change of firms and firm names was pertinent to the merits of this case, counsel properly filed two notices alerting the Court to the changes. [Docs. 24, 84]. No fraud has been shown. Nothing in the New Mexico Rules of Professional Conduct requires a lawyer to sign a new engagement letter with an existing client every time there is a change of firm or firm structure. If Hutchins' meant to argue that the engagement letter proves fraud because it is not between counsel and Wilmington Savings (instead with its owner), the Court is not convinced. Wilmington Savings proved its existence and the chain of ownership at summary judgment. Hutchins has failed to prove fraud on the Court by clear and convincing evidence.

Additionally, motions to strike are not authorized for any filing in the docket but only for pleadings; and not all filings are pleadings. *Pueblo of Jemez v. U.S.*, 2017 WL 6512230 at *2 (D.N.M. 2017) (citing *Daye v. Cmty. Fin. Serv. Centers, LLC*, 233 F. Supp. 3d 946, 988 (D.N.M.

2017)); Fed. R. Civ. P. 7(a) (Allowed pleadings are:  complaint and third-party complaint; answer to complaint, counterclaim, cross-claim or third-party complaint, and; a reply to an answer if allowed by the court.). Obviously, the subject response is not a pleading that can be stricken under Rule 12(f) and the motion should be denied for that alternative reason.

**B.  Hutchins' Rule 59 Motion [Doc. 72] should be denied.**

"Rule 59(e) motions may be granted when the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (quoted authority omitted). However, Rule 59 "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)). It is an abuse of discretion and error of law for a district court to grant a motion brought under Rule 59 which reargues or elaborates on arguments already decided or which could have been raised prior to entry of judgment. *See id.* at 930.

Here, Hutchins' arguments that Wilmington Savings lacks standing to foreclose on the subject property because it is not a party or the true owner of the debt, that this Court is without jurisdiction, that summary judgment was not properly supported by admissible evidence, and that the Court should have excluded the Walters and McMahan Affidavits were raised and decided before entry of judgment. [Docs. 58 (PFRD recommending Denying Hutchins' MTD), 60 (MOO Adopting PFRD), 65 (PFRD recommending granting Plaintiff summary judgment), 69 (MOO Adopting PFRD), 70 (Final Judgment). Hutchins' arguments that Plaintiff failed to plead a cause of action to enforce the Note in this Court could have been raised prior to entry of judgment. Hutchins' new evidence – an engagement letter between Wilmington Savings' owner and its

counsel – does not support Hutchins' argument that counsel initiated or litigated this suit without authority.

Hutchins has failed to show entitlement to relief under Rule 59, and the Court would abuse its discretion were it to grant relief on any ground raised because each argument has either been ruled on, could have been raised before entry of judgment, or is devoid of factual support. Therefore, the Motion for relief under Rule 59 should be denied.

### C.  Hutchins' Rule 60 Motion should be denied.

Relief under Rule 60(b)(1), which is the only provision of Rule 60(b) that Hutchins cites, must be founded on a "mistake" or some other inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). Hutchins' allegation here, that Plaintiff's counsel lacked authority to represent it, should be examined to see if it is a qualifying "mistake" for purposes of Rule 60(b). *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996) ("[A]s a general proposition, the 'mistake' provision in Rule 60(b)(1) provides for the reconsideration of judgments only where: (1) a party has made an excusable litigation mistake *or an attorney in the litigation has acted without authority from a party*, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order.'" (emphasis added)). On closer examination, however, Rule 60(b) is a shield against damage caused by a party's own counsel, not a sword against the opposing party: "the kinds of mistakes by a party that may be raised by a Rule 60(b)(1) motion are litigation mistakes that a party could not have protected against, *such as the party's counsel acting without authority of the party to that party's detriment.*" *Id.* at 577 (emphasis added). Moreover, in a proper case, allegations that an attorney acted without authority "must be clearly substantiated by adequate proof." *Thomas v. Colorado Tr. Deed Funds, Inc.*, 366 F.2d 136, 139 (10th Cir. 1966).

This proof must be "affirmative," and must rebut the presumption that an attorney of record has authority to represent his client. *Id.* (citations omitted).

As noted, Hutchins' argument is that Mr. Walters lacked authority to litigate this suit and so the judgment he obtained is void under Rule 60(b)(1). This argument presupposes that Hutchins has standing to challenge Plaintiff's counsel's authority. However, Hutchins has provided no legal support for his standing to challenge opposing counsel's authority. D.N.M.LR-Civ. 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced."). Even if Hutchins has standing, he has not provided affirmative proof Plaintiff's counsel acted without its authority.

Relief under Rule 60(b) for fraud on the Court is only available in circumstances evincing "the most egregious misconduct, such as … the fabrication of evidence by a party in which an attorney is implicated[.]" *United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002). Granting relief where a party fails to prove fraud on the court by clear and convincing evidence is an abuse of discretion. *Id.* at 1342-1343. Hutchins has failed to meet his burden of proof. The engagement letter between counsel and Plaintiff's representative is not inconsistent with the presumption that counsel acted with authority. Therefore, granting relief on this record would be an abuse of the Court's discretion.

**D.  Hutchins' Motion to Strike the Special Master's Report [Doc. 86] should be denied.**

As stated above, motions to strike pursuant to Rule 12(f) only apply to pleadings, not motions or other filings. *Pueblo of Jemez v. U.S.*, 2017 WL 6512230 at *2 (D.N.M. 2017) (citing *Daye v. Cmty. Fin. Serv. Centers, LLC*, 233 F. Supp. 3d 946, 988 (D.N.M. 2017)). The Special Master's Report is not a pleading that can be stricken under Rule 12(f). Therefore, Hutchins' Motion to strike should be denied.

**E.  Hutchins' Motion for Sanctions [Doc. 96] should be denied.**

Hutchins' Motion for Sanctions should be denied on several grounds. First, Hutchins has not described specific conduct that violates Rule 11(b) as required by Rule 11(c)(2). Second, Hutchins has not demonstrated compliance with Rule 11's "safe harbor" provision. *See* Fed. R. Civ. P. 11(c)(2) ("The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."). Third, a motion for sanctions under Rule 11 must be brought before judgment has been entered. *See Roth v. Green*, 466 F.3d 1179, 1193 (10th Cir. 2006) ("Service of a sanctions motion after the district court has dismissed the claim or entered judgment prevents giving effect to the safe harbor provision or the policies and procedural protections it provides, and it will be rejected.") (quoted authority omitted). Judgment in this case was entered May 28, 2020. [Doc. 70] Hutchins' Motion was filed October 29, 2020. [Doc. 96]. It is an abuse of discretion for a district court to grant a Rule 11 Motion after Judgment has been entered. *Roth*, 466 F.3d at 1193 (citations omitted). The Court may consider awarding attorney's fees and expenses incurred by Wilmington Savings in defending against the Motion if it agrees it is the prevailing party. Fed. R. Civ. P. 11(c)(2).

Hutchins fares no better under the Court's inherent powers. A motion seeking sanctions pursuant to the Court's inherent powers must meet "narrowly defined circumstances" such as "actions taken 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1227 (10th Cir. 2015). Rather than providing a substantive remedy, fees awarded under a federal court's inherent powers serve to vindicate its authority and to punish bad faith conduct. Here, Hutchins' premise, that Mr. Walters has no authority to act for Wilmington Savings, has been demonstrated to be false through competent evidence. Neither Mr.

Walters nor Wilmington Savings has been shown to have engaged in conduct abusive of the judicial process. Therefore, Hutchins' Motion should be denied.

**F.  Wilmington Savings' Motion for Entry of Order Approving Special Master's Report and for a Writ of Assistance (97) should be granted, and Hutchins' Motions to Strike the Motion and its Exhibit (102, 103) should be denied.**

In New Mexico the trial court ordinarily enters an order approving the special master's sale after the foreclosure sale takes place, thereby transferring title to the property. *See, e.g.*, *New Mexico Bank & Tr. v. Lucas*, 2019 WL 1231981, at *8 (N.M. Ct. App. Feb. 6, 2019) (unpublished) (citing *Plaza Nat. Bank. v. Valdez*, 1987-NMSC-105, ¶ 12, 745 P.2d 372; *Speckner v. Riebold*, 1974-NMSC-029, ¶ 9, 86 N.M. 275, 523 P.2d 10). Wilmington Savings has presented the report of the special master for approval by the Court, and there is no credible showing that the sale is other than just and proper. Therefore, the Court should enter an order approving the special master's report.

As to the writ Wilmington Savings seeks, a "writ of assistance" is available under Federal and New Mexico law to enforce the Court's judgment. *See* Fed. R. Civ. P. 64(a); Rule 1-065 NMRA; *State v. Grossman*, 1991-NMCA-148, ¶ 11, 113 N.M. 316, 318, 825 P.2d 249, 251. Moreover, Federal Rule of Civil Procedure 70(d) explicitly provides that: "[o]n application by a party who obtains a judgment or order for possession, the clerk must issue a writ of execution or assistance." Fed. R. Civ. P. 70(d). Having determined that the Hutchins has presented no valid ground to vacate or alter the Court's judgment, and having rejected every other argument he raises, a writ of assistance should issue. Wilmington Savings has obtained a valid judgment of foreclosure, successfully purchased the subject property at the Special Master's sale, and has demonstrated a person claiming permission through Hutchins, Hanks, is residing on the property contrary to Wilmington Savings' right of possession. I recommend that Hutchins' Motions to

Strike Wilmington Savings' Motion and its exhibit [102, 103] be denied and that the Court issue a writ of assistance to place Plaintiff in immediate possession of the property.

## V.     RECOMMENDATION

Hutchins' filings have no substantive merit and appear aimed solely at unnecessarily prolonging these proceedings. **I recommend** that the Court **deny** all relief he requests in his Motions [Docs. 72, 77, 86, 89, 96, 102 and 103], and in his other "notices" and "criminal complaints," and that the Court **grant** Wilmington Savings' *Motion for Entry of Order Approving Special Master's Report and for Writ of Assistance* [Doc. 97] and **order** the United States Marshal for the District of New Mexico to assist Wilmington Savings to take possession of the real property at issue as soon as practicable.

_____
Jerry H. Ritter
U.S. Magistrate Judge

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**