IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILMINGTON SAVINGS FUND SOCIETY,
FSB, D/B/A/ CHRISTIANA TRUST AS
OWNER TRUSTEE OF TE RESIDENTIAL
CREDIT OPPORTUNITIES TRUST III,

      Plaintiff,

v.                                                                                CV 18-0346 JCH/JHR

GREGORY HUTCHINS, in his individual
capacity and as personal representative of the
Estate of SANDRA J. NEILL, and THE
UNKNOWN HEIRS, DEVISEES OR
LEGATEES OF SANDRA J. NEILL,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Proposed Findings and Recommended Disposition of All Pending Motions [Doc. 114] (the "PFRD"), entered by United States Magistrate Judge Jerry H. Ritter on March 27, 2021. The PFRD addresses Defendant Gregory Hutchins' Motions seeking relief from Judgment and asking the Court to enter sanctions against opposing counsel, Ryan Walters (and his law firm), including striking his filings, or to alternatively dismiss this case for fraud on the Court. [*See* Docs. 72, 77, 86, 89, 96, 102 and 103]. Magistrate Judge Ritter recommended denying all relief requested in these Motions. [*See generally* Doc. 114]. Also before the Court is Plaintiff's Motion for Entry of Order Approving Special Master's Report and for Writ of Assistance [Doc. 97], which Magistrate Judge Ritter would grant. [*See* Doc. 114]. Having considered Hutchins' objections to the PFRD [Doc. 115], and reviewed it *de novo*,[1] the

---

[1] The Court has also considered the "criminal complaints" and "notices" filed by Hutchins since Judgment was entered, [Docs. 73, 74, 90, 113], and agrees with Magistrate Judge Ritter that they provide no grounds for relief.

1

Court agrees with Magistrate Judge Ritter that all of Hutchins' Motions and other requests for relief should be **denied** and that Wilmington Savings' Motion should be **granted**. Therefore, the Court confirms its previous judgment and hereby issues a Writ of Assistance to remove from the property Hutchins' affiliate, Ken Hanks, or any other individual unlawfully claiming a right to inhabit the same.

I.  **BACKGROUND**[2]

Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust as Owner Trustee of the Residential Credit Opportunities Trust III ("Wilmington Savings"), filed a *Complaint for In Rem Foreclosure* against Sandra J. Neill on April 13, 2018 seeking a foreclosure judgment against real estate in Bernalillo, New Mexico.  [Doc. 1, pp. 1-2]. Neill died, and Wilmington Savings filed an *Amended Complaint for In Rem Foreclosure (corrected)* on March 1, 2019, naming as defendants Gregory Hutchins, individually and as personal representative of the Estate of Neill, as well as the unknown heirs, devisees or legatees of Neill.  [Doc. 30]. As noted by Magistrate Judge Ritter, Hutchins' relationship to the decedent is unknown. He entered this litigation by filing a Notice of Suggestion of Death, claiming to be the executor of her Estate [Doc. 12] - a claim that has not been challenged to date.[3]

The Clerk entered default against the unknown heirs, devisees or legatees of Neill on April 25, 2019, [Doc. 41]; the Court denied Hutchins' motion to dismiss on December 20, 2019 [Doc. 60]; and the Court granted Wilmington Savings' motion for summary judgment on May 28, 2020. [Doc. 69], all on Magistrate Judge Ritter's recommendation. Final Judgment issued May 28, 2020. [Doc. 70]. The Court entered an *Order Regarding Foreclosure of Real Estate and Authorizing*

---

[2] The Court only restates the facts of this case to the extent they are necessary to the holding of this decision.

[3] The Court notes that the New Mexico Supreme Court has described Hutchins as "a speculator in foreclosed properties." *Phoenix Funding, LLC v. Aurora Loan Services, LLC*, 2017-NMSC-010, ¶ 7, 390 P.3d 174, 177.

*Foreclosure Action* on June 9, 2020, [Doc. 71]. As authorized by the Court the Special Master has conducted a foreclosure auction for the real estate involved in this lawsuit, and the property was sold at auction to Plaintiff Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust as Owner Trustee of the Residential Credit Opportunities Trust III ("Plaintiff") for the amount of $499,072.34, the highest bid offered. Plaintiff Wilmington Savings filed a notice of sale on June 17, 2020. [Doc. 75].

Hutchins filed a *Motion to Alter or Amend the Judgment* on June 16, 2020, asking the Court to reconsider its grant of judgment pursuant to Rule 59(e). [Doc. 72]. Hutchins then filed a *Motion to Vacate* the Court's Judgment on June 26, 2020. [Doc. 77]. Then, he filed a *Motion to Strike and or in the alternative Deny the Report of the Special Master Confirming the Sale* on August 18, 2020 [Doc. 86], later filing a *Motion to Strike Response of Plaintiff and Dismiss Proceeding for Lack of Authority and for Fraud upon the Court* on September 11, 2020 pertaining to Wilmington Savings' Response Brief. [Doc. 89]. Relying on the same facts, Hutchins filed a *Motion for Sanctions pursuant to Rule 11, and the Inherent Power of the Court* on October 29, 2020. [Doc. 96].

Wilmington Savings filed *Plaintiff's Motion for Entry of Order Approving Special Master's Report and for Writ of Assistance* on November 12, 2020. [Doc. 97]. In connection with this Motion, Hutchins filed a *Motion to Strike and or in the Alternative Disregard the Declaration of Donna Zamora*, submitted in support of the Motion for Approval and for a Writ of Assistance, on November 30, 2020, [Doc. 102], and a *Motion to Strike and or in the alternative Dismiss Plaintiff's Motion for Entry of Order Approving Special Master's Report and for Writ of Assistance for Lack of Authority and for Fraud upon the Court* on November 30, 2020. [Doc. 103].

As noted, Magistrate Judge Ritter was not convinced by Hutchins' arguments. [*See* Doc. 114]. Magistrate Judge Ritter reasoned that "[f]raud on the court requires a showing that the impartial functions of the court have been corrupted by an intentional act; mere nondisclosure to the court of facts allegedly pertinent to the matter before it will not rise to the level of fraud on the court[,]" and he found that Hutchins failed to prove any fraud by clear and convincing evidence. [*See id.*, p. 15 (citing *United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002)). Magistrate Judge Ritter further reasoned that motions to strike are authorized only for "pleadings" and, he noted, "not all filings are pleadings." [*Id*. (citing *Pueblo of Jemez v. U.S.*, 2017 WL 6512230 at *2 (D.N.M. 2017); Fed. R. Civ. P. 7(a)].

Magistrate Judge Ritter concluded that Hutchins failed to show entitlement to relief from Judgment. Noting that Rule 59(e) motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment[,]" [Doc. 114, p. 16 (quoting *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008))], he recommended holding that it would be an abuse of this Court's discretion to grant relief on any ground raised by Hutchins because each argument has either been ruled on, could have been raised before entry of judgment, or is devoid of factual support. Likewise, Magistrate Judge Ritter recommended against relief under Rule 60(b)(1) on the ground that Plaintiff's counsel lacks authority to represent Plaintiff because Hutchins' contention "presupposes that Hutchins has standing to challenge Plaintiff's counsel's authority [and] … [e]ven if Hutchins has standing, he has not provided affirmative proof Plaintiff's counsel acted without its authority." [Doc. 114, pp. 17-18]. Thus, Magistrate Judge Ritter counseled that granting relief on this record would be an abuse of the Court's discretion. [*Id.*].

4

Magistrate Judge Ritter likewise found lacking Hutchins' Motion to Strike the Special Master's Report and Motion for Sanctions against opposing counsel. [Doc. 114, pp. 18-20]. As to the Motion for Sanctions, Magistrate Judge Ritter would deny it on "several grounds": (1) failure to describe specific conduct that violates Rule 11(b) as required by Rule 11(c)(2); (2) Hutchins' failure to comply with Rule 11's "safe harbor" provision; (3) failure to bring the motion for sanctions under Rule 11 before entry of judgment; and (4) failure to prove his allegations through competent evidence. [Doc. 114, pp. 19-20]. Magistrate Judge Ritter specifically proposed finding that "[n]either Plaintiff's counsel, Mr. Walters, nor Wilmington Savings has been shown to have engaged in conduct abusive of the judicial process." [*Id.*].

Finally, Magistrate Judge Ritter recommended approval of Wilmington Savings' Motion for Entry of Order Approving Special Master's Report and for a Writ of Assistance [Doc. 97], and denial of Hutchins' Motions to Strike the Motion and its Exhibit [Docs. 102 and 103]. He noted that a New Mexico trial court "ordinarily enters an order approving the special master's sale after the foreclosure sale takes place, thereby transferring title to the property[,]" [Doc. 114, p. 20 (citing, e.g., *New Mexico Bank & Tr. v. Lucas*, 2019 WL 1231981, at *8 (N.M. Ct. App. Feb. 6, 2019)], and that "Wilmington Savings has presented the report of the special master for approval by the Court, and there is no credible showing that the sale is other than just and proper." [Doc. 114, p. 20]. Given Hutchins' continued resistance and placement of a proxy at the property, Magistrate Judge Ritter further recommended issuance of a "writ of assistance" under Federal and New Mexico law to enforce the Court's judgment. [Doc. 114, pp. 20-21 (citing Fed. R. Civ. P. 64(a); Fed. R. Civ. P. 70(d); Rule 1-065 NMRA; *State v. Grossman*, 1991-NMCA-148, ¶ 11, 113 N.M. 316, 318, 825 P.2d 249, 251)].

Hutchins filed objections to Magistrate Judge Ritter's findings and conclusions on April 12, 2021. [Doc. 115]. In 32 pages he concludes that Magistrate Judge Ritter failed to address the points raised in his Motion thereby showing an absence of contrary authority. [*See generally* Doc. 115]. Hutchins rehashes each and every argument raised in his motions without ever taking aim at Magistrate Judge Ritter's specific findings and conclusions, *e.g.,* that Hutchins' arguments are barred and his allegations unsupported by the record. [*See id.*, pp. 3-29]. Wilmington Savings did not file a response.

## II.     STANDARD OF REVIEW

When resolving objections to a magistrate judge's proposed findings and recommended disposition, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) (2012). The Tenth Circuit requires on de novo review of a party's timely, specific objections to the magistrate judge's report that the district judge "consider relevant evidence of record and not merely review the magistrate judge's recommendation."  *In re Griego*, 64 F.3d 580, 583-84 (10th Cir. 1995). The district judge need not, however, "make any specific findings; the district court must merely conduct a de novo review of the record." *Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000). Importantly, "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely and sufficiently specific objections to a magistrate judge's

findings or recommendations can result in waiver of appellate review of both factual and legal questions. *See Bagwell v. Safeway Denver Milk Plant*, 437 F. App'x 689, 691 (10th Cir. 2011) (unpublished).

### III.  ANALYSIS

Hutchins' objections fail to address Magistrate Judge Ritter's specific findings and conclusions. Therefore, review of his holdings is barred by the firm waiver rule under binding circuit precedent. Moreover, Hutchins has shown no reason to reject Magistrate Judge Ritter's rationale, and the Court agrees that it would be an abuse of discretion to grant the relief he seeks. The record shows that this litigation has gone on far too long and Wilmington Savings is entitled to enforce its rights to the subject property.

### IV.  CONCLUSION AND ORDER

Hutchins failed to substantively challenge Magistrate Judge Ritter's PFRD which is supported by the record.

**IT IS THEREFORE ORDERED** that the Court **adopts** the PFRD, **denies** all relief Hutchins requests in his Motions [Docs. 72, 77, 86, 89, 96, 102 and 103], and in his other "notices" and "criminal complaints," and **grants** Wilmington Savings' *Motion for Entry of Order Approving Special Master's Report and for Writ of Assistance* [Doc. 97]. The Writ of Assistance will be entered contemporaneously with the Memorandum Opinion and Order.

_____
SENIOR UNITED STATES DISTRICT JUDGE